IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REBECCA H.,<br><br>     Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>     Defendant. | Case No. 2:24-cv-00825-CMR<br><br>**MEMORANDUM DECISION AND ORDER AFFIRMING ALJ DECISION**<br><br>Magistrate Judge Cecilia M. Romero |

  All parties in this case have consented to the undersigned conducting all proceedings (ECF 8). 28 U.S.C. § 636(c). Plaintiff Rebecca H. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act). After careful review of the record (Certified Administrative Record (Tr.), ECF 10), the parties' briefs (ECF 16, 22, 24), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 16) and AFFIRMS the decision of the Commissioner.

          **I. BACKGROUND**

  Plaintiff applied for DIB in March 2021 (Tr. 69). Plaintiff was 44 years old in September 2020, when she claimed that she became disabled due to recurrent major depressive disorder, plantar fasciitis, hypothyroidism, obstructive sleep apnea, and chronic fatigue syndrome (*id.*). The ALJ followed the Commissioner's five-step sequential evaluation process for disability claims

(Tr. 14–34). *See* 20 C.F.R. § 404.1520(a)(4). In a decision dated September 25, 2023, the ALJ determined at step two that Plaintiff had severe impairments of bilateral carpal tunnel syndrome, bilateral ulnar neuropathy, right thumb triggering, and obesity (Tr. 20). The ALJ found non-severe medically determinable impairments of obstructive sleep apnea, orthostatic intolerance, vision issues, depression, and anxiety (*id.*). The ALJ found mild limitations in paragraph B criteria of understanding, remembering or applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself, and no limitation in interacting others (*id.* at 21). *See id*. §§ 404.1520a(d)(1), 404.1522(a).

At step three, the ALJ considered Plaintiff's carpal tunnel syndrome under Listing 11.14 for peripheral neuropathies and Listing criteria in Appendix 1 for obesity impairments, finding the criteria not met (Tr. 21). The ALJ then found that Plaintiff had the RFC to do a range of light work (*id.* at 22). *See id*. §§ 404.1545(a)(1) ("Your [RFC] is the most you can still do despite your limitations."). At step four, the ALJ found that this RFC would allow Plaintiff to do her past relevant work as a cashier, cafetoria worker, and customer service representative (*id.* at 27). The ALJ thus concluded that Plaintiff was not disabled (*id.* at 28). *See id*. § 404.1520(a)(4)(iv). The ALJ decision became the Commissioner's final decision when the agency's Appeals Council denied her request for review. *See* 20 C.F.R. § 404.981.[1] The court has jurisdiction under 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high," and "defers to the presiding ALJ, who

---

[1] References to the Code of Federal Regulations (C.F.R.) are to the 2022 edition.

has seen the hearing up close." *Id.* at 103, 108. Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). If the evidence is susceptible to multiple interpretations, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III.    ARGUMENT

**A.    The ALJ reasonably found Plaintiff's mental impairments non-severe at step 2.**

Plaintiff argues that the ALJ's finding that Plaintiff's mental impairments were non-severe at step two is not supported by substantial evidence (Pl. Br. at 10). Specifically, Plaintiff argues that the ALJ's step-two analysis does not "account for the waxing and waning nature of Plaintiff's mental symptoms" (*id.* at 11). The Commissioner responds that the ALJ's step-two findings are supported by the ALJ's evaluation of the medical opinions and record evidence (Def. Br. at 6–8).

In assessing the severity of a mental impairment, an ALJ evaluates the claimant's limitations in four "paragraph B" categories of mental functioning (understanding, remembering and applying information; interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing oneself) using a five-point scale (none, mild, moderate, marked, and extreme). 20 C.F.R. §§ 404.1520a(c)(3), (4); 20 C.F.R. 404, Subpt. P, App'x 1 § 12.00(E), (F)(2). A mild limitation only "slightly" affects one's functioning. 20 C.F.R. 404, Subpt. P, App'x 1 §

12.00(F)(2)(b).  If a claimant's paragraph-B limitations are only "mild," the associated mental impairment is generally non-severe.  20 C.F.R. § 404.1520a(d)(1).

Here, the ALJ found at step two that Plaintiff had medically determinable mental impairments of depression and anxiety (Tr. 20).  The ALJ found that these impairments were non-severe because they did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities (*id.*).  *See* 20 C.F.R. § 404.1522(a). In reaching this finding, the ALJ rated the B criteria, concluding that Plaintiff experienced mild limitations in understanding, remembering or applying information; concentrating, persisting, or maintaining pace; and adapting or managing oneself, and no limitation in interacting others (*id.* at 21).  *See id*. § 404.1520a(d)(1).

Plaintiff argues that the ALJ erred in evaluating the opinion of Dr. Frank Gonzalez (Dr. Gonzalez) that Plaintiff's depression and anxiety were severe and resulted in a moderate limitation in adapting and managing oneself (Pl. Br. at 10). An ALJ considers several factors in evaluating the persuasiveness of a medical opinion, including supportability (how well the source explained and supported an opinion) and consistency (how consistent the opinion is with other record evidence). 20 C.F.R. § 404.1520c(b)(2), (c)(1)–(2). The ALJ in this case properly evaluated the opinions of reviewing psychologists Dr. Gonzales and Dr. Joan Zone (Dr. Zone) based on consistency and supportability in making the RFC determination (Tr. 25–26 (citing Tr. 71–72, Tr. 80–81)); 20 C.F.R. § 404.1520c(b)(2), (c)(1)–(2). *See Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012) ("The ALJ set forth a summary of the relevant objective medical evidence earlier in his decision and he is not required to continue to recite the same evidence again in rejecting [an] opinion."); *see also Webb v. Comm'r, Soc. Sec. Admin.*, 750 F. App'x 718, 721 (10th Cir.

2018) (The ALJ summarized relevant evidence earlier in the decision, and was not required to repeat that summary in weighing an opinion).

Although the ALJ acknowledged that Dr. Gonzales provided some support for his opinion that Plaintiff had severe mental impairments causing a moderate limitation in adjusting to workplace changes, the ALJ reasonably deemed these findings inconsistent with the evidence overall (Tr. 25–26 (citing Tr. 71–72, Tr. 80–81)). Instead, the ALJ found the overall record consistent with Dr. Zone's opinion that Plaintiff had no severe impairments and needed no mental limitations in her RFC. The ALJ noted that Dr. Zone had supported her opinion by citing to Plaintiff's normal examination findings, including normal psychological examination results in April 2020 and March 2021, as well as her responses to a Patient Health Questionnaire (PHQ) in March and April 2021 indicating that her depression was non-severe (Tr. 26 (citing Tr. 81)).

Thus, the ALJ's evaluation of these medical opinions rested on substantial evidence and proper application of the supportability and consistency criteria. Plaintiff's argument that the ALJ should have weighed the opinions of Drs. Gonzales and Zone differently is unavailing. *See Lax*, 489 F.3d at 1084 (determination founded on substantial evidence must stand even if reviewing court would have decided the matter differently); *see also Alarid v. Colvin*, 590 F. App'x 789, 795 (10th Cir. 2014) (plaintiff may not demand that reviewing court reweigh evidence).

Plaintiff also points to medical records that support Dr. Gonzalez's opinion, such as treatment notes showing Plaintiff's reports of being depressed and having crying spells, insomnia, difficulty concentrating, and low energy (Pl. Br. at 10–11) (citing Tr. 466, 476–479). However, the ALJ reasonably found that Plaintiff's reported symptoms were inconsistent with objective medical evidence. *See* 20 C.F.R. § 404.1529(c)(4) ("[W]e will evaluate your statements in relation to the objective medical evidence."). Even in cases involving mental impairments, "objective

medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms[.]" Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, at *5. The ALJ highlighted Plaintiff's normal results on objective examination, for example her normal mood and affect in June 2021, September 2021, March 2022, and January 2023 (Tr. 21 (citing Tr. 555, 703, 727); Tr. 26 (citing Tr. 791); Tr. 27 (citing Tr. 623)). Plaintiff reported feeling normal on examination in 2022 (Tr. 21 (citing Tr. 679–80)) and confirmed her ability to manage her finances, prepare meals, do household chores, and drive (Tr. 21–22 (citing Tr. 340); Tr. 23 (citing Tr. 621)).

The ALJ also observed Plaintiff sought no specialized behavioral treatment (Tr. 21). *See* SSR 16-3p, 2017 WL 5180304, at *5 ("[I]f the . . . extent of the treatment sought by [a disability claimant] is not comparable with the degree of [her] subjective complaints, . . . we may find the alleged intensity and persistence of [her] symptoms are inconsistent with1 the overall evidence of record"). The ALJ thus considered Plaintiff's allegations of debilitating mental impairment (Tr. 22, 27) and reasonably discounted them as inconsistent with the evidence detailed above, including Dr. Zone's opinion, normal examination results, and failure to pursue relevant treatment.[2]

**B.     The ALJ's RFC determination is supported by substantial evidence.**

Plaintiff argues that the ALJ erred in failing to consider her mental impairments in formulating her RFC (Pl. Br. at 11). In response, the Commissioner argues that ALJ adequately addressed Plaintiff's mental impairments in the RFC determination by evaluating the medical opinions and discussing Plaintiff's reported symptoms at step two (Def. Br. at 8).

---

[2] The Commissioner also notes that the ALJ considered that Plaintiff worked during the relevant period, answering calls for an insurance company in 2000 and working part-time as a cashier from November 2021 through at least August 2023 (Tr. 20-21 (citing Tr. 45-46)). *See Markham v. Califano*, 601 F.2d 533, 534 (10th Cir. 1979) (claimant's ability to do some work not decisive but may be considered in evaluating whether a claimant is disabled).

Plaintiff claims that the ALJ failed to "provide any meaningful discussion of Plaintiff's non-severe mental impairments" in the RFC determination because the ALJ's evaluation of the medical evidence "lacks any reference to the mental impairments" (Pl. Br. at 12).[3] An ALJ must consider the effects of all the claimant's medically determinable impairments—including those found severe and those found non-severe—when assessing the RFC. 20 C.F.R. § 404.1545(a)(2). Here, as explained above, the ALJ explained the decision to include no mental limitations in Plaintiff's RFC by finding that Plaintiff's mental impairments caused no more than minimal interference with her ability to perform work-related activities (Tr. 20–21) and in discounting Plaintiff's allegations of depression-induced problems with memory, task completion, concentration, understanding, and following instructions (*id.* at 22, 27).[4] Combined with the ALJ's step-two reasoning for finding Plaintiff's mental impairments non-severe, this explanation provides this court a clear path of reasoning for including no mental limitations in Plaintiff's RFC. *See Davis v. Erdmann*, 607 F.2d 917, 918 n.1 (10th Cir. 1979) (ALJ sufficiently articulates her reasoning if a court can discern its path).

Plaintiff also claims that the ALJ's discussion of mental impairments is limited to step two and this constitutes reversible error (Pl. Br.at 12). However, the findings and discussion by the ALJ at step two are relevant to the symptom evaluation, which, in turn, is relevant to the RFC

---

[3] Plaintiff relies on the *Marin* case to support her argument, which held that "[t]he ALJ's failure to explain why the claimant's RFC excludes known mental limitations, interferes with this court's ability to assess whether the ALJ did, in fact, consider all the relevant evidence and all of the claimant's medically determination impairments, including non-severe mental limitations, when constructing the claimant's RFC." *Marin v. Colvin*, No. 14-cv-01331-KMT, 2015 WL 4999955, at *3 (D. Colo. Aug. 24, 2015). This case differs from the *Marin* case because as explained above, the ALJ directly addressed Plaintiff's mental limitations in the RFC determination when evaluating the medical opinions of Drs. Gonzales and Zone (Tr. 25–26).

[4] This finding is due great deference by the court. *See White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002) ("The ALJ enjoys an institutional advantage in making the type of determination at issue here. Not only does an ALJ see far more [S]ocial [S]ecurity cases than do appellate judges, he or she is uniquely able to observe the demeanor and gauge the physical abilities of the claimant in a direct and unmediated fashion. As a result, the ALJ's credibility findings warrant particular deference.").

assessment: "Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined." *See Poppa v. Astrue*, 569 F.3d 1167, 1171 (10th Cir. 2009). As such, the court finds that the ALJ's discussion of this evidence at step two combined with the ALJ's findings within the RFC determination were sufficient to demonstrate that the ALJ considered Plaintiff's non-severe mental impairments as part of the RFC assessment. Substantial evidence therefore supports the ALJ's RFC determination. *See Biestek*, 587 U.S. at 103.

## IV.   CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 10 March 2026.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah